THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE DITMAN and MARTIN FINKELSTEIN, Appellants.—Two judgments (one as to each defendant) of the Supreme Court, Kings County, rendered December 9, 1965, affirmed. No opinion. Brennan, Acting P. J., Hopkins and Benjamin, JJ., concur; Hill and Rabin, JJ., dissent and vote to (a) reverse the judgments, (b) grant the motion to suppress, (c) remit the action for the purpose of affording defendants the opportunity to withdraw their plea, and for further appropriate proceedings, with the following memorandum: Search and seizure do not transgress constitutional safeguards if made incident to a lawful arrest (*People* v. *Loria,* 10 N Y 2d 368, 373; *People* v. *Caliente,* 12 N Y 2d 89, 93, 94). Here the warrantless arrest accorded with the law if the arresting officer had reasonable cause to believe that the defendants were committing a crime in his presence (Code Crim. Pro., § 177, subd. 1). The testimony disclosed that the arresting officer observed the two defendants, seated in a parked motor vehicle, at approximately 9:00 P.M. on June 11, 1965, in a parking lot in Prospect Park. The officer testified that he observed the defendant Ditman smoking what appeared to be a marijuana cigarette. During the hearing the court described the cigarette as being about an inch and a half in length and about an eighth of an inch in width. The officer by his own testimony was approximately 15 feet from the car. He admitted it was dark out but contended there was a street lamp in the vicinity. The officer, in his four years on the force, had made but five narcotics arrests. After he approached the car he asked the defendant Ditman who was seated in the driver's seat for his license and registration and, thereupon, discovered the marijuana cigarette on the floor mat of the car. A search of the car revealed six bags of cannabis in the rear seat of the car. In our opinion, it approaches incredulity to find that a cigarette an inch and a half in length which was partially hidden by the two fingers in which it was held could have been sufficiently observed to be identified as a marijuana cigarette from approximately 15 feet away in the dark. In our opinion, *People* v. *Glover* (17 N Y 2d 429) does not mandate an affirmance at bar for the facts therein were materially distinguishable in that the arresting officer in *Glover* was a trained narcotics expert who had been assigned to the Police Narcotic Bureau and had spent over a year on the Narcotics Squad. The officer at bar was not a trained narcotics expert. Furthermore, in the *Glover* case the arresting officer viewed the cigarette in the defendant's mouth at a distance of only three feet away. At bar the officer admitted being 15 feet away; the defendants contended he was about 25 feet from the car. In *Glover* the observations were made in the daylight at 4:00 P.M., whereas the observations herein were made at 9:15 P.M. when it was admittedly "dark" out. In our opinion, it is unreasonable to find probable cause where the sole basis for the finding that a felony was being committed in his presence is the testimony of the arresting officer, who was not experienced in the area of narcotics, that he could identify a cigarette, one and a half inches long, from 15 feet away in the dark as a marijuana cigarette. Probable cause is more than mere suspicion. Suspicion does not justify an arrest (*Brinegar* v. *United States,* 338 U. S. 160, 175; *Henry* v. *United States,* 361 U. S. 98, 104). Upon the testimony adduced at the hearing on the motion to suppress the evidence as being illegally seized, it is our opinion that the requisite "probable cause" was lacking and, hence, there was no basis for a warrantless arrest. The search, not being incident to a lawful arrest, was illegal and the evidence thus obtained ought to have been suppressed.